UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN L. COX,<br><br>            Plaintiff,<br><br>    v.<br><br>C/O SAYWERS, COUNSELOR SOUTHWICK, COUNSELOR KERR, SERGEANT BOLINGER, BRENDA DESHAZER, and MAGGIE MILLER-STOUT,<br><br>            Defendants. | CASE NO. 15-5584 RJB-JRC<br><br>ORDER ON REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge J. Richard Creatura. Dkt. 27. The Court has considered the Report and Recommendation (Dkt. 42), Plaintiff's Objections to the Report and Recommendation (Dkt. 28), and the remaining record.

In this civil rights case, Plaintiff, a *pro se* prisoner, asserts a retaliation claim for exercise of his First Amendment rights under the United States Constitution pursuant to 42 U.S.C. §1983. Dkt. 3-1. Plaintiff also makes reference to the Washington State Constitution. *Id.* The case was removed from Thurston County, Washington Superior Court on August 19, 2015. Dkt. 1.

I. **FACTS**

The background facts and procedural history are in the Report and Recommendation (Dkt. 27, at 1-8) and are adopted here.

The Report and Recommendation recommends the Court grant the Defendants' motion for summary judgment (Dkt. 17) and dismiss the case. Dkt. 27. It recommends finding that Plaintiff failed to carry his burden regarding his First Amendment retaliation claim to point to issues of fact as to whether he suffered more than a minimal harm, his protected conduct was a substantial or motivating factor in Defendants' conduct, or that Defendants lacked any legitimate penological objective. *Id.*

Plaintiff files several pages of objections to the Report and Recommendation that largely echo arguments raised in the initial pleadings. Dkt. 28. Plaintiff again argues that having items taped to a cell door is not against the rules, that the items taped there belonged to his cell mate, that the entry into the log book was a disciplinary action, as was a note for his failure to sign the book. *Id.* He asserts that there was a connection between his protected speech and Defendants' retaliation. *Id.* He asserts that the "misconduct was by Defendant Saywers" not him. *Id.* He references the Defendants' response to his level 2 appeal of his grievance. *Id.* It provided:

> A level two response was prepared for this grievance and you were interviewed by CC3 Watkins. Upon review of the available information, I concur with your assertion that this should have been filed as a staff conduct grievance. It is for that reason, it is now filed as such.
>
> I find that misconduct did occur. Officer Saywers' chain of command has addressed her behavior. As you were told when you received a level 1 response, the behavior log entry was expunged and no disciplinary action against you was taken. In your original complaint, you acknowledge that the CUS took your concern seriously from the beginning.

Dkt. 22-5, at 2. Plaintiff again summarily asserts that Defendants did not have legitimate penological goals or interests here and that deference is not due the prison officials. Dkt. 28. He also maintains that "Defendants failed to train subordinates, supervise subordinates, and evaluate

ORDER ON REPORT AND
RECOMMENDATION- 2

1  the conduct of subordinates." *Id.*  He asserts that the motion for summary judgment should be
2  denied. *Id.*

3                    **II.        DISCUSSION**

4     The Report and Recommendation should be adopted and Plaintiff's retaliation claim for
5  exercise of his First Amendment rights under the U.S. Constitution should be dismissed.
6  Plaintiff's objections do not provide a basis to reject the Report and Recommendation.  The
7  Report and Recommendation properly points out that as to his retaliation claim based on the
8  exercise of his First Amendment rights under the U.S. Constitution, Plaintiff failed to present
9  evidence on how he suffered more than a minimal harm, his protected conduct was a substantial
10 or motivating factor in Defendants' conduct, or that Defendants lacked any legitimate
11 penological objective.  He has also failed to do so in his objections.  The recommendation of
12 dismissal of Plaintiff's retaliation claim for exercise of his First Amendment rights under the
13 U.S. Constitution should be adopted.

14    Plaintiff refers to the Washington State Constitution in his Complaint.  Dkt. 3-1, at 8.  Parties
15 do not address this claim in the motion for summary judgment, in the response, or in the reply.  It
16 is unclear whether Plaintiff intends to proceed with this claim. To the extent that he does, the
17 Court should consider why it should retain supplemental jurisdiction over these claims and not
18 remand the case to Thurston County, Washington Superior Court.

19       Pursuant to 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental
20 jurisdiction over a state law claims if (1) the claims raise novel or complex issues of state law,
21 (2) the state claims substantially predominate over the claim which the district court has original
22 jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction,
23 (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.
24 "While discretion to decline to exercise supplemental jurisdiction over state law claims is

triggered by the presence of one of the conditions in § 1367(c), it is informed by the values of economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997)(*internal citations omitted*).

The federal claims in this case are dismissed by this order. Parties should have an opportunity, if they wish, to show cause, if any they have, why the Court should continue to exercise supplemental jurisdiction over Plaintiff's state law claim for retaliation for exercise of his First Amendment rights under the Washington State Constitution (to the extent he makes such a claim) and not remand the case to Thurston County, Washington Superior Court. Responses, if any, should be in writing and filed on or before April 8, 2016.

### III.   ORDER

- The Report and Recommendation (Dkt. 27) **IS ADOPTED;**
- The federal claims **ARE DISMISSED**; and
- If they wish, parties are permitted to show cause, if any they have, why the Court should continue to exercise supplemental jurisdiction over Plaintiff's state law claim for retaliation for exercise of his First Amendment rights under the Washington State Constitution (to the extent he makes such a claim) and not remand the case to Thurston County, Washington Superior Court, in writing and on or before **April 8, 2016**.

The Clerk is directed to send uncertified copies of this Order to U.S. Magistrate Judge J. Richard Creatura, all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 22nd day of March, 2016.

ROBERT J. BRYAN
United States District Judge

ORDER ON REPORT AND
RECOMMENDATION- 4